UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kerry Rayshawn Mosley, | ) C/A No. 4:09-2579-TLW-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Maj. Phillip Anderson;<br>Officer Burton;<br>Capt. Sharon Middleton, and<br>Mr. Cloft, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Kerry R. Mosley ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on October 6, 2009. Plaintiff alleges that his constitutional rights were violated by Defendants. A review of the docket in this case reveals that the last several correspondence to the plaintiff from the Court has been returned to the Clerk of Court's office via United States Postal Service as undeliverable. An Order was issued on October 9, 2009, advising the plaintiff as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

failure to do so will not be excused by the Court.

(Order, doc. #6).

Plaintiff has failed to inform the court of an address change. Therefore, this Court issued an Order on April 16, 2010, ordering that the Plaintiff "notify the court of any change of address within fifteen (15) days of the date of this order or it will be recommended that his case be dismissed pursuant to Rule 41b of the Federal Rules of Civil Procedure." The mail was returned to the Clerk of Court's office via United States Postal Service on April 26, 2010, marked "Return to Sender" and "released to SCDC 2/9/10." (Document #39). Plaintiff has failed to provide the court with a change of address.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed and plaintiff has failed to comply with Court Orders. Plaintiff has not complied with the Court's Orders to keep

the court informed of any address change. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 4, 2010  
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**